AO 106 (Rev. 04/10) Application for a Search Warrant

# United States District Court
for the
Western District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

A gray, Samsung cellular telephone utilizing phone number (716) 550-2231, and bearing international mobile subscriber identity (IMSI) 354255094521350, and known to be used by JOSHUA SCHOHN, the subject of this investigation in the care and custody of the Federal Bureau of Investigation located at 1 FBI Plaza, Buffalo, NY 14202

**Case No. 19-mj-1085**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
A gray, Samsung cellular telephone utilizing phone number (716) 550-2231, and bearing international mobile subscriber identity (IMSI) 354255094521350, and known to be used by JOSHUA SCHOHN, the subject of this investigation in the care and custody of the Federal Bureau of Investigation located at 1 FBI Plaza, Buffalo, NY 14202, as further described in Attachment A, attached hereto,

located in the Western District of New York, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B, attached hereto and incorporated herein by reference.

The basis for search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of Title 18, United States Code, Sections 2252A and 2252A(2)(A).

The application is based on these facts:

- ☒ continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

RANDALL E. GARVER
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  July 8 , 2019

*Judge's signature*

JEREMIAH J. MCCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and Title*

City and state:  Buffalo, New York

## ATTACHMENT A
## Property to Be Searched

This warrant applies to information associated with the cellular telephone **utilizing (716) 550-2231 and international mobile subscriber identity (IMSI) 354255094521350**.

Photographs of the device are below.



## ATTACHMENT B
### Particular Things to be Seized

All information, records, files, and materials that constitute fruit, evidence and instrumentalities of violations of Title 18 U.S.C. Sections 2252(2)(A) [Production of Child Pornography] and 2252A [Possession of Child Pornography] that are contained on the cellular telephone described in Attachment A, including:

(a) Communications, images or videos related the sexual exploitation of minors, to include child pornography and other images depicting minors engaging in sexually explicit conduct.

(b) Communications, images or videos related to the sexual exploitation of minors or the discussion of the same.

(c) Evidence of the possession, receipt, production or distribution of images depicting minors engaging in sexually explicit conduct.

(d) Records relating to who created, used, or communicated with the target cellular telephone.

(e) Any and all lists of names, telephone numbers, and addresses.

(f) Images, pictures, photographs, video sent or received.

(g) The content of any and all text messages sent or received.

(h) Any and all records showing dominion, ownership, custody, or control over the subject cellular phone.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

STATE OF NEW YORK )
COUNTY OF ERIE    )    SS:
CITY OF BUFFALO   )

## I. INTRODUCTION

I, **RANDALL E. GARVER**, after being duly sworn, depose and state as follows:

1.      I am a Special Agent of the Federal Bureau of Investigation and entered on duty in May 2006. I am currently assigned to the Buffalo Field Office and work on cases associated with the Violent Crimes Against Children program, which targets individuals involved in the online sexual exploitation of children. As part of these duties, I have become involved in the investigation of suspected violations of Title 18, United States Code, Sections 2251, 2252, 2252A, 2422, and 2423. I have also participated in various FBI mandated and volunteer training for the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography.

2.      This affidavit is made in support of a search warrant, pursuant to Rule 41 of the Federal Rules of Criminal Procedure, to search the following property, where I believe evidence of violations of Title 18 U.S.C. Sections 2252(2)(A) [Production of Child Pornography] and 2252A [Possession of Child Pornography] will be located on:

> **Cellular telephone utilizing phone number (716) 550-2231, international mobile subscriber identity (IMSI) 354255094521350**, and known to be used by JOSHUA SCHOHN, the subject of this investigation (hereinafter "**Target Cellular Telephone**").

3.     The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers, other personnel specially trained in the seizure and analysis of computers and electronic media, and on my experience and training.  Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of a violations of Title 18 U.S.C. Sections 2252(2)(A) [Production of Child Pornography] and 2252A [Possession of Child Pornography] exists at the accounts/premises to be searched.

## II. PROBABLE CAUSE

4.     In March 2019, a mother of two children ("Complainant") called the FBI's Buffalo Field Office and spoke to my colleague who was the duty agent (interviews individuals that walk in the office to report information or that call the office's general number).  My colleague had a brief conversation with Complainant and asked that I call her. Soon thereafter I spoke to Complainant who advised she recently discovered child pornography on a laptop computer belonging to her ex-boyfriend, JOSHUA SCHOHN. Complainant said SCHOHN took nude videos of her daughters, then ages six and eight years old (hereinafter "Victim 1" and "Victim 2", respectively) that would constitute child pornography.  She reported the information to the New York State Police (NYSP) as well who arrested SCHOHN for assaulting her and possession of a sexual performance by a child. I next spoke to the Assistant District Attorney (ADA) prosecuting the matter and she advised they were awaiting computer forensic search results before moving forward.   I called

2

Complainant back and advised that NYSP was awaiting the search of the laptop computer and that the case will be reviewed for a possible Federal charge when evidence was available.

5.      On April 29, 2019, I again spoke to the ADA and NYSP Investigator John Clarke who advised forensics were available.  Investigator Clarke told me there were thousands of images and videos of child pornography on SCHOHN's laptop computer. NYSP recovered a video of SCHOHN masturbating in the presence of Victim 1 (who did not recognize what he was doing).  During the video he was touching and rubbing Victim 1's leg. The examination also recovered a video made by SCHOHN of the girls changing clothes in a hotel room and another of Victim 1 using the same bathroom.  Complainant advised NYSP that these videos were produced when the group went to Splash Lagoon, an indoor water park in Erie, Pennsylvania.

6.      On May 6, 2019, I met with Investigator Clarke who provided me with copies his investigative documents.  From the documents, I will summarize their investigation to date in the subsequent paragraphs.

7.      On or about January 14, 2019, Complainant stayed in a Buffalo-area hotel with SCHOHN, her children, and some other friends.  During the visit, SCHOHN asked Complainant to use her personal phone to log in to his YouTube account so he could listen to music saved in the account.  The following day, she logged out of his YouTube account. On or about February 1, 2019, Complainant accessed her phone and discovered she was still logged into SCHOHN's YouTube account (she thought his password was possibly saved by

3

her phone). She discovered YouTube searches relating to getting children ready for baths and religious rituals with naked children. She observed that the account was associated with email address jaschohn103@gmail.com and was tied to his Google search history which showed he was searching for videos with naked children.

8.       On or about February 5, 2019, Complainant went to confront SCHOHN at his apartment in Akron, New York (which he shared with Complainant's brother, Witness 1). Complainant recorded the conversation with her phone and Witness 1 was present for some of the confrontation.   She advised she knew of the questionable YouTube and Google searches. SCHOHN replied that he has been looking at child pornography for five years but does not "get off" looking at it. He offered that he viewed child pornography to "try to take down the higher people that exposed him to it." In the presence of Witness 1, Complainant said she was going to search SCHOHN's laptop computer. Complainant and Witness 1 found a webcam video of Victim 1 nude. She approached SCHOHN and slapped him a few times. SCHOHN retaliated by striking Complainant; Witness 1 punched SCHOHN who then departed the residence. Police were alerted due to the assault. Witness 1 continued to search the laptop and found hundreds of images and videos of child pornography.  That evening, after her release from the hospital, Complainant went to the NYSP Barracks in Clarence to provide a deposition regarding the child pornography. At the same time, Complainant turned over SCHOHN's laptop computer and SCHOHN's old Samsung phone that she found in her car (SCHOHN lost the phone last fall).  NYSP later searched these items pursuant to a warrant. Regarding the production of child pornography, Complainant told NYSP that she saw SCHOHN in the video setting up the camera.  There were a few videos Complainant

4

observed with Victim 1 and Victim 2 nude, using the bathroom, and dressing. Complainant recognized that at least one video was filmed in the hotel bathroom at Splash Lagoon in Erie, Pennsylvania.

9.     Also on February 5, 2019, following his sister's release from the hospital, NYSP interviewed Witness 1 (he was a walk-in at NYSP as well). He recalled that Complainant told him about the YouTube search history that included "5 year old bath time routine", "little girls reacting to porn", and "bath time with my best friend". Regarding the Google search history, he recalled searches of "how to plant the idea into a child to have sex with an adult", and "young girls bathing". When Complainant initially entered the apartment to confront SCHOHN, Witness 1 did not go inside with her but stayed a short distance away along with other friends. As things escalated, Complainant sent a text to Witness 1 to come inside the apartment. When Witness 1 entered the apartment, SCHOHN admitted to watching the videos but said it was not for sexual interest. Witness 1 recalled Complainant telling SCHOHN that days before he sent her a video of himself masturbating. Complainant challenged SCHOHN that she also saw his YouTube search history for the same day and it was videos of kids similar to what is described above. Complainant told SCHOHN she wanted to look at his laptop computer and then both she and Witness 1 observed a few videos of Complainant's daughter as discussed above. Witness 1 ended the struggle by punching SCHOHN, who then departed the residence. Witness 1 called 9-1-1 to get police assistance; he rode to the hospital with Complainant who had a concussion and other injuries. Witness 1 then called a good friend, Witness 2, and asked that he disable the screen saver on SCHOHN's laptop. Witness 2 then told Witness 1 that he found the same videos of

5

Complainant's daughter and a large volume of other images and videos of child pornography on the laptop. Upon Complainant's release from the hospital, she returned to the apartment with Witness 1 and secured the laptop computer which was turned over to NYSP. Witness 1 recalled that in fall 2018, SCHOHN lost his cell phone which Complainant found in her car. She secured the device and turned it over to NYSP at the same time as the laptop. Regarding his then current phone, **Target Cellular Telephone**, SCHOHN told her and others that he recently lost it.

10. On or about February 6, 2019 (at about 1:45 am), NYSP placed SCHOHN in custody for the aforementioned violations of New York State laws (Amherst Police located him). SCHOHN agreed to waive his custodial rights (was provided a "Miranda warning") when questioned by NYSP and described his laptop computer for the investigators (matching what was turned over earlier by Complainant). SCHOHN stated that he is the sole user of the laptop; they also showed him his old phone (the one Complainant found in her car) and he agreed it was his. He said there were two old, broken, phones at his residence and that he recently lost his current phone (**Target Cellular Telephone**). He told NYSP that he has viewed child pornography for about five years and that it was all on his laptop. He also told NYSP that he set up the recording device in the Splash Lagoon hotel room to film Victim 1 and Victim 2 nude. He recalled that he was able to produce videos of both Victim 1 and Victim 2 dressing and another of Victim 1 using the toilet. He later produced GIFs using these webcam videos. He admitted that he once took a video of himself masturbating in the presence of Victim 1 while playing a video game with her. I observed the video, produced in July 2018, and observed that he kept his penis inside his shorts and rubbed it before moving

6

a sweatshirt over it and continued to masturbate. He touched Victim 1's leg occasionally while doing so. Victim 1 did not appear aware he was masturbating. During the NYSP interview, SCHOHN said he "thought about doing something" but was too nervous to act. Based on my training and experience, I believe "doing something" means SCHOHN considered sexually molesting Victim 1. Following the interview, NYSP obtained Witness 1's and SCHOHN's consent to search the apartment where they seized one additional cell phone. NYSP searched the laptop and both phones (one recovered by Complainant in her car and other seized during consent search at apartment) pursuant to a warrant.

11.    On or about March 21, 2019, NYSP again interviewed Witness 1 who contacted them advising he found SCHOHN's lost phone. Witness 1 said that on or about February 15, 2019, he was shoveling snow. He wished to use his recycling tote to transport the snow and discovered a plastic Tops supermarket bag. Inside the bag was a silver Samsung phone (**Target Cellular Telephone**) that Witness 1 recognized to be SCHOHN's based on appearance, Facebook and/or Google alerts in the name "Josh Schohn", and the device's background picture; he recognized the **Target Cellular Telephone** was password protected. Using his own phone, Witness 1 dialed the number he had stored for SCHOHN and the **Target Cellular Telephone** rang; Complainant did the same. **Target Cellular Telephone** was turned over to Investigator Clarke who secured it as NYSP evidence; it has not been searched by law enforcement. On May 13, 2019, **Target Cellular Telephone** was turned over to the FBI to obtain a Federal search warrant. On May 14, 2019, US Magistrate Judge Michael J. Roemer signed a warrant authorizing the search of **Target Cellular Telephone**. Neither the FBI's Child Exploitation Task Force nor the Regional Computer Forensics

7

Laboratory has the capability to search the **Target Cellular Telephone** due to technical limitations.  On May 15, 2019, I submitted a request to the FBI's Operational Technology Division (OTD) to conduct the search.  On May 17, 2019, OTD advised me that they have the capability to search the device.  On July 2, 2019, OTD again contacted me and advised they were ready to receive **Target Cellular Telephone** and conduct the search pursuant to a valid search warrant.

12.    For the Court's reference, the evidence disposition is summarized below:

-    Item 1: SCHOHN's Dell laptop computer, model number 15R-5537, turned over to NYSP by Complainant on February 5, 2019.  This item was later searched pursuant to a warrant signed by Erie County Judge Shelia A. DiTullio.  The NYSP first obtained a warrant for the device on February 13, 2019 before obtaining a second one on February 20, 2019 due to a clerical error on the original warrant.  The item is in NYSP's evidence; The FBI has a copy of NYSP's search results.

-    Item 2: SCHOHN's Samsung cellular telephone, model number SM-J327P, turned over to NYSP by Complainant on February 6, 2019 after being found in the back of her car.  SCHOHN said he lost the device in November 2018.  During their interview, SCHOHN advised the phone was his and provided consent to search the device.  However, NYSP searched it via the February 20, 2019 warrant referenced above.  The NYSP examiner noted that the screen was "extensively cracked."  The item is in NYSP's evidence; The FBI has a copy of NYSP's search results.

-    Item 3: SCHOHN's Alcatel cellular telephone, model OT-606A, recovered by NYSP during their February 6, 2019 consent search of SCHOHN's and Witness 1's apartment.  The device was the third item searched pursuant to the February 20, 2019 warrant. The item remains in NYSP custody.

-    Item 4: Complainant's Apple iPhone model A1661, turned over to NYSP by her on February 5, 2019, and searched pursuant to her consent.  The item is in NYSP's evidence; The FBI has a copy of NYSP's search results.

- Item 5: **Target Cellular Telephone** - SCHOHN's Samsung device, also a model SM-J737P, which Witness 1 recovered on or about February 15, 2019, inside his recycling tote at the residence he formerly shared with SCHOHN. As discussed above, the item was turned over to the FBI who obtained a search warrant. The item is in the Operational Technology Division's queue to be searched.

13.     On June 14, 2019, I again met with Investigator Clarke who provided me with copies (DVDs) of the digital examination conducted by the NYSP Forensic Examiner John Lombardi. These DVDs corresponded respectively to the following items as annotated above: item 1 (SCHOHN's Dell laptop), item 2 (SCHOHN's Samsung cell phone, model SM-J327P), and item 4 (Complainant's phone; contains only further corroboration).   I viewed the two videos discussed herein of Victim 1 and Victim 2 nude that were produced by SCHOHN. The first video showed Victim 2 (then six years old) getting dressed; the second showed Victim 1 (then eight years old) using the restroom; both videos constituted child pornography. SCHOHN also had a large volume of child pornography on his laptop computer and some additional files on his phone.

14.     On June 20, 2019, US Magistrate Judge Jeremiah J. McCarthy signed a warrant authorizing the arrest of JOSHUA SCHOHN for Possession of Child Pornography. On June 21, 2019, the FBI placed SCHOHN in custody.  On July 2, 2019, a Grand Jury in the Western District of New York returned a true bill charging SCHOHN with two count of Possession of Child Pornography and two counts of Production of Child Pornography. Paragraph 13 of the June 20, 2019, affidavit in support of a criminal complaint further described several files that substantiate these charges.

9

Case 1:19-mj-01085-JJM   Document 1   Filed 07/08/19   Page 13 of 18

15. The investigation to date indicates that SCHOHN produced child pornography with two children he had access to and possessed a large volume of child pornography as well. SCHOHN admitted the same and told NYSP he considered "doing something" with the eight year old victim but got nervous. Based on my training and experience investigating child exploitation cases, I know individuals who produce and possess child pornography are unlikely to discard images and videos that they produced. These individuals frequently transfer these files between various mediums. For example, if an individual took pictures or videos using a cell phone, he may then transfer those files from the camera's secure digital (SD) card to place them on a computer, hard drive, thumb drive, or some other means of storage. This is usually done to edit, organize, or just store the files. This warrant seeks to search **Target Cellular Telephone** which may have been used to produce, view, or transfer child pornography, as other devices seized pursuant to this investigation have been used. It is noted that SCHOHN told NYSP he lost his phone days prior to their interactions with him. Both Complainant and Witness 1 advised the same. Later, Witness 1 found **Target Cellular Telephone** inside a plastic bag in a recycling tote. I believe it is likely that SCHOHN attempted to discard or conceal the phone in hopes that law enforcement or others could not locate it. With that, I believe probable cause exists to search **Target Cellular Telephone**.

## III.   ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16. I have spoken with law enforcement personnel trained in computer systems and other storage media (including PDAs, cell phones, MP3 Players, etc.) evidence recovery who have knowledge about the operation of computer systems and the correct procedures for the seizure and analysis of computer systems.

10

17.    These individuals have participated in the execution of numerous search warrants during which they have seized and/or examined computer systems. These individuals have also participated in several warrants that involved the search and/or seizure of, and has been responsible for analyzing, seized electronic data and records from those systems.

18.    Based on my experience and training, plus the common sense knowledge that in today's technological world, computers and computer related media (to include smart phones) are used for communication and storage of data and information.  As such, it is reasonable to believe that some or all of the records sought to be seized will be in electronic/digital format.

19.    I know that cellular telephones store voice mail messages, names, telephone numbers, addresses, sent and received text messages, screen names (or the equivalent) on the various applications ("apps") on the device, and images in their digital memory.

20.    Furthermore, based upon my training, experience, and consultations with law enforcement personnel who specialize in searching computer systems, I have learned that searching and seizing information from computer systems and other storage media (including PDAs, cell phones, MP3 Players, etc.) often requires agents to seize most or all the computer system or storage media to be searched later by a qualified computer forensic examiner in a laboratory or other controlled environment.  This is true for the reasons set out below.

21.     The volume of data stored on many computer systems and storage devices will typically be so large that it will be highly impractical to search for data during the execution of the physical search of the premises. The search through a computer or other electronic media, such as a smartphone, itself is a time consuming process.

22.     Furthermore, searching computer systems, to include smartphones, is a highly technical process which requires specific expertise and specialized equipment. There are so many types of computer and smartphone hardware and software in use today that it is rarely possible to bring to the search site all of the necessary technical manuals and specialized equipment necessary to conduct a thorough search. In addition, it may also be necessary to consult with computer personnel who have specific expertise in the type of smartphone, software application or operating system that is being searched.

23.     The best practices for analysis of computer systems and storage media rely on rigorous procedures designed to maintain the integrity of the evidence and to recover hidden, mislabeled, deceptively named, erased, compressed, encrypted, or password protected data while reducing the likelihood of inadvertent or intentional loss or modification of data. A controlled environment, such as a law enforcement laboratory, is typically required to conduct such an analysis properly.

## IV. CONCLUSION

24.     Based upon the above information, I assert that probable cause exists to believe there have been violations of Title 18 U.S.C. Title 18 U.S.C. Sections 2252(2)(A) [Production

of Child Pornography] and 2252A(a)(5)(B) [Possession of Child Pornography] and there is probable cause to believe on:

**Cellular telephone utilizing phone number (716) 550-2231, international mobile subscriber identity (IMSI) 354255094521350**, and known to be used by JOSHUA SCHOHN,

which is more fully described in Attachment A there will be found items described in Attachment B.

30.     In consideration of the foregoing, I respectfully request that this Court issue a search warrant for the property known as **Target Cellular Telephone** authorizing the search of the aforementioned property for the items described in **Attachment B**.

31.     Finally, it is respectfully requested that this Court issue an Order sealing, until further order of this Court, all papers submitted in support of this Application, including the Application, Affidavit, and Search Warrant, and the required inventory notice (with the exception of one copy of the warrant and the inventory notice that will be left at the accounts/premises to be searched).

RANDALL E. GARVER
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me

this _8th_ day of July, 2019.

JEREMIAH J. McCARTHY
United States Magistrate Judge

13

## ATTACHMENT A
### Property to Be Searched

This warrant applies to information associated with the cellular telephone **utilizing (716) 550-2231 and international mobile subscriber identity (IMSI) 354255094521350**.

Photographs of the device are below.



## ATTACHMENT B
### Particular Things to be Seized

All information, records, files, and materials that constitute fruit, evidence and instrumentalities of violations of Title 18 U.S.C. Sections 2252(2)(A) [Production of Child Pornography] and 2252A [Possession of Child Pornography] that are contained on the cellular telephone described in Attachment A, including:

(a)     Communications, images or videos related the sexual exploitation of minors, to include child pornography and other images depicting minors engaging in sexually explicit conduct.

(b)     Communications, images or videos related to the sexual exploitation of minors or the discussion of the same.

(c)     Evidence of the possession, receipt, production or distribution of images depicting minors engaging in sexually explicit conduct.

(d)     Records relating to who created, used, or communicated with the target cellular telephone.

(e)     Any and all lists of names, telephone numbers, and addresses.

(f)     Images, pictures, photographs, video sent or received.

(g)     The content of any and all text messages sent or received.

(h)     Any and all records showing dominion, ownership, custody, or control over the subject cellular phone.